**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

MAURICE MCCARTY, #272773,          :

    **Plaintiff,**          :

vs.          :   **CIVIL ACTION NO. 20-00229-CG-B**

CYNTHIA STEWART*, et al.*,          :

    **Defendants.**          :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, for failure to state a claim upon which relief could be granted.

**I. Proceedings.**

    **A. Complaint.** (Doc.1, PageID.1).

In McCarty's original complaint (Doc. 1, PageID.1), he named Cynthia Stewart, Holman Correctional Facility's warden, as the sole Defendant. McCarty claimed that on August 11, 2019, he was accused of assault without a weapon even though the victims gave affidavits that he did not assault them, and the camera inside the

dorm did not place him at the scene. (Id. at 3, PageID.3). McCarty alleged that, without reviewing the camera footage to verify the allegations, Defendant Stewart "placed" him in a segregation cell in which nothing worked. (Id. at 4, PageID.4). He further alleged that he could not drink the water and that the lights in the cell, and the ventilation and heat system, were not working. McCarty alleged that this caused him to have high blood pressure and become sick. (Id.). For relief, McCarty sought $80,000 in punitive and compensatory damages. (Id. at 6, PageID.6).

**B. Screening of Complaint and Order to Amend.** (Doc. 9, PageId.28).

Because McCarty is proceeding *in forma pauperis*, the Court was required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii). In screening his complaint, the Court, in an order dated February 4, 2021, found that McCarty did not allege a plausible claim against Defendant Stewart; therefore, the action was subject to dismissal. (Doc. 9 at 1, PageID.28).

Based on the allegations in McCarty's complaint, the Court construed McCarty's claim as one for a violation of the Eighth Amendment. (Id. at 3, PageID.30). The Court specifically advised McCarty of the elements for pleading an Eighth Amendment claim based on conditions of confinement, including that he must prove that the condition of which he complained was sufficiently serious to violate the Eighth Amendment, *i.e.,* that it must be extreme;

and that he must prove that Defendant Stewart acted with deliberate indifference with respect to the condition at issue, that is, that Stewart knew of and disregarded an excessive risk to his health or safety by conduct that was more than gross negligence.  (Id. at 3-4, PageID.30, 31); see generally Farmer v. Brennan, 511 U.S. 825, 828 (1994).

The Court also informed McCarty of the specific factual deficiencies in his complaint in relation to the elements required to plausibly plead an Eighth Amendment conditions of confinement claim.  Specifically, the Court noted that McCarty's complaint did not indicate that Stewart actually placed McCarty in his cell or that she knew that the cell was not working in regard to water, lights, and ventilation; the complaint did not indicate that McCarty was not given water to drink or that he had no access to a toilet, shower, and sink; the complaint did not indicate the numbers of days that he was in the cell; the complaint did not indicate the ventilation that was available in his cell or the type of ventilation that was previously there but had since broken; the complaint did not indicate the temperature in the cell and/or the temperature outdoors; the complaint did not indicate whether McCarty was being treated for high blood pressure and/or whether he received his medication while in the cell; and the complaint did not indicate the illness of which he complained and how he was

treated for it.  (Id. at 5, PageID.32).

The Court further advised McCarty of the general pleading requirements for stating a claim under Rule 8(a), see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and for pleading a § 1983 claim. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  (Id. at 5-6, PageID.32, 33).

Rather than recommending the dismissal of McCarty's deficient original complaint, the Court granted him leave to file an amended complaint.  (Id.).  McCarty was warned that his failure to file a complying amendment within the required time would result in the dismissal of his action.  (Id. at 2, PageID.29).

**C.  Amended Complaint.**  (Doc. 10, PageID.35).

McCarty filed an amended complaint and named as Defendants, Lt. Banks, Sgt. Earl, and Lt. Ashley Kidd.  (Id. at 5, PageID.39). Cynthia Stewart was no longer listed as a Defendant.  The date of the alleged incident was again listed as August 11, 2019.  (Id. at 4, PageID.38).  As best the Court can discern, it appears that, in the amended complaint, McCarty has shifted his focus from an Eighth Amendment claim regarding the conditions of his confinement to a Fourteenth Amendment claim regarding a disciplinary proceeding.

4

According to McCarty, even though he denied any personal involvement in the assault that was being investigated, and the victims reported that they had the "wrong man," Cynthia Stewart stated that she did not care and directed that McCarty be found guilty and locked up. (Id. at 4, PageID.38). McCarty alleges that he was placed in Cell M-55 at Holman, which is a lock-up cell that is known as not fit to live in. (Id.). He became very sick, lost about thirty pounds in three weeks, attempted suicide, had high blood pressure, and became depressed. (Id.). McCarty asserts that he felt as though he had no help to prove his innocence and that lines 1 through 5 of his disciplinary should be corrected and that line 2 is "clearly wrong." (Id.). While McCarty referenced the disciplinary report, he did not attach a copy of his disciplinary report to his amended complaint.

In the amended complaint, McCarty alleges that Defendant Banks placed him in the cell because Stewart told Banks to lock him up, and no other cell was available. (Id. at 5, PageID.39). He also alleges that Defendant Earl knew about the cell and McCarty's witnesses, but "[s]he made him do it and wrote him up for trying to help." (Id.). According to McCarty, "Cynthia Stewart told arresting offic[er] Lt. Ashley Kidd to write Earl up again if he tr[ies] to help [McCarty]." (Id.). McCarty further alleges that Defendant Kidd, the arresting officer, disregarded

the victims' statements, and this resulted in McCarty being thrown in lock-up.  (Id. at 6, PageID.40).  McCarty asserts that Defendant Kidd admitted that they do what Stewart says even if it is wrong, and McCarty questions "[s]o how is Cynthia don't have nothing to do with [me] being mistreated." (Id.).  For relief, McCarty seeks $80,000 in compensatory and punitive damages.  (Id. at 7, PageID.41).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

As noted, because McCarty is proceeding *in forma pauperis*, the Court is must screen his amended complaint (Doc. 10, PageID.35) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127

6

S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69

7

(11th Cir.) (citation and quotation marks omitted), <u>cert. denied</u>, 574 U.S. 1047 (2014).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  <u>Iqbal</u>, 566 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.), <u>cert. denied</u>, 493 U.S. 863 (1989).

**III. Discussion.**

As noted above, McCarty's original complaint did not present a plausible claim against Defendant Stewart; thus, he was given an opportunity to amend his complaint in order to avoid its dismissal. McCarty was advised at length regarding his pleading deficiencies and ordered to file an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure and stated a plausible claim.[1]  (Doc. 9, PageID.28).

Notwithstanding the Court's directives, in his amended

---

[1] <u>See Jemison v. Mitchell</u>, 380 Fed. Appx. 904, 907 (11th Cir. 2010) ("When it appears that *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); <u>Duong Thanh Ho v. Costello</u>, 757 Fed. Appx. 912 (11th Cir. 2018) (affirming the dismissal of the complaint as the magistrate judge's order expressly informed the plaintiff of the deficiencies in his complaint and of the rules he needed to follow in filing an amended complaint and that the failure to do so would result in dismissal, but he failed to file an amended complaint).

complaint, McCarty named three new persons as Defendants, dropped Cynthia Stewart as a Defendant, and failed to develop his conditions-of-confinement claim against Stewart or any of the other newly named Defendants. Instead, the allegations in McCarty's amended complaint concern Stewart's alleged order directing the three Defendants to place McCarty in the cell, to write him up (*i.e.,* charge him with a disciplinary violation), and to find him guilty of the disciplinary charge, even though he was innocent. McCarty makes no mention of the specific conditions of the cell so as to establish that the conditions were extreme and deprived him "of the minimal civilized measure of life's necessities." Chandler v. Crosby, 379 F.3d 1278, 198 (11th Cir. 2004); Saunders v. Sheriff of Brevard Cnty., 735 Fed. Appx. 559, (11th Cir.)[2], cert. denied, 139 S. Ct. 1325 (2019). Significantly, he also failed to advise the Court as to the actual duration of his confinement in the cell or to connect an injury to the alleged deprivation in his amended complaint. See Jordan v. Doe, 38 F.3d 1559, 1564-65 (11th Cir. 1994)(a deprivation of a single human need if sufficiently severe will constitute a deprivation of the minimal civilized measure of life's necessities as informed by contemporary standards of decency).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2.

Here, like his original complaint, McCarty's amended complaint does not comply with Rule 8(a) in that it does not contain a plausible claim upon which relief may be granted. In his amended complaint, McCarty complains about the roles Defendants Kidd and Earl played in his disciplinary proceeding. However, he provides no information about the nature of the disciplinary nor the sentence he received.

To allege a due process claim based on a disciplinary proceeding, there must be a deprivation of a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 480, 484 (citations omitted). The Court concluded that the prisoner's thirty-day confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of his incarceration, was the type of discipline he should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485-86. Accordingly, in order to

10

find a liberty interest, the atypical and significant hardship must exist for a significant length of time, Smith v. Deemer, 641 Fed. Appx. 865, 868 (11th Cir. 2016), and the atypical and significant hardship must be harsh in comparison to the general population prison. Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). Here, McCarty does not allege that his term of imprisonment was unexpectedly altered by the disciplinary or that he lost good-time credit. Magluata v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004). He also offers no facts regarding the actual length of his confinement, nor does he describe any operational differences between where he was placed as a result of the disciplinary and where he was housed before the disciplinary hearing. Simply put, McCarty has failed to plausibly allege that he was deprived of a liberty interest, and in the absence of a liberty interest, any claims about the initiation of, conduct of, and result of his disciplinary hearing fail to state a plausible claim upon which relief can be granted.

The Court also notes that McCarty contends that Defendant Banks followed Cynthia Stewart's order to put McCarty in a cell and placed him in the only available cell. Following a supervising official's order and placing a plaintiff in the only available cell does not reflect the deliberate indifference necessary for stating an Eighth Amendment violation. Farmer v. Brennan, 511

11

U.S. at 837-38.  *Cf.* <u>Jordan</u>, 38 F.3d at 1567 (finding the marshal was entitled to qualified immunity because absent a court ruling, he "would not have understood his actions [of placing Jordan in the jails] to violate Jordan's constitutional rights in light of the clearly established law at that time"); <u>Lee v. Blackmon</u>, 2016 U.S. Dist. LEXIS 22418, 2016 WL 749173, at *6 (N.D. Fla. Jan. 22, 2016) ("Nurses and other such prison personnel are not deliberately indifferent when they reasonably follow the orders of a doctor or other supervisory medical personnel."); <u>Vela v. White</u>, 703 F.3d 147, 152 (5th Cir. 1983)(finding the officer was entitled to qualified immunity because he was following an order of his supervisor in arresting the plaintiff and there was no indication that he bore any ill-will to the plaintiff).  Without a court decision holding that the reason for the placement was unconstitutional or that the conditions (for which there is no information in the amended complaint) were unconstitutional, McCarty has not alleged a plausible claim against Defendant Banks for a violation of his constitutional rights as no deliberate indifference is shown on his part.

In sum, McCarty has not complied with Rule 8(a)'s requirement of pleading "a short and plain statement" showing that he is entitled to relief.  FED.R.CIV.P. 8(a)(2).  That is, he has not pled a complaint in this action that contains sufficient factual

12

matter, taken as true, that states a claim that is plausible on its face. Iqbal, 556 U.S. at 678. Because McCarty was given the opportunity to amend his complaint and correct the noted deficiencies so as to be able to state a plausible claim against the Defendants, and yet has not done so, it is recommended that this action be dismissed without prejudice for failure to state a claim upon which relief could be granted. See Britt v. United States Gov't, 773 Fed. Appx. 494, 495 (11th Cir. 2019)(affirming the action's dismissal for failure to file an amended complaint that complied with Rule 8). To the extent that McCarty believes that he can correct the deficiencies noted in the Court's orders and that he can file a complaint that complies with the pleading requirements of Rule 8, then he must file his complying complaint along with objections to this Report and Recommendation.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, for failure to state a claim upon which relief could be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  See 28 U.S.C. §
636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties
should note that under Eleventh Circuit Rule 3-1, "[a] party
failing to object to a magistrate judge's findings or
recommendations contained in a report and recommendation in
accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the
right to challenge on appeal the district court's order based on
unobjected-to factual and legal conclusions if the party was
informed of the time period for objecting and the consequences on
appeal for failing to object. In the absence of a proper objection,
however, the court may review on appeal for plain error if
necessary in the interests of justice."  11th Cir. R. 3-1.  In
order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the
basis for the objection, and specify the place in the Magistrate
Judge's report and recommendation where the disputed determination
is found.  An objection that merely incorporates by reference or
refers to the briefing before the Magistrate Judge is not specific.

Ordered this **22nd** day of **April, 2021.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

14